981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ernest Edward SIMPSON, a/k/a Kraivut Jaralak, Defendant-Appellant.
 No. 91-5192.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 22, 1992
Decided: December 28, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-91-108-HM)
 Michael E. Kaminkow, Harry Levy, Andrew H. Levine, Schulman, Treem, Kaminkow & Gilden, P.A., Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Geoffrey R. Garinther, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ernest Edward Simpson entered a guilty plea to two counts of bank fraud in violation of 18 U.S.C.A. § 2, 1344 (West 1969 & Supp. 1992), and appeals the sentence he received on the ground that the district court incorrectly determined his criminal history category. We affirm.
 
 
 2
 In calculating Simpson's criminal history as category V, the probation officer gave him two criminal history points under guideline section 4A1.1(b)[1] for a six-month state sentence which was imposed after his arrest on federal bank fraud charges but before his guilty plea. One additional point was awarded under guideline section 4A1.1(e) because the current offense was committed less than two years after Simpson's release from confinement on a prior state drug offense. Although he filed no written objections to the presentence report, Simpson contested these two criminal history recommendations at the sentencing hearing. First, he asserted that prior to his guilty plea the government agreed not to release him to state authorities in return for his cooperation "while these proceedings were pending," and that his release and sentencing in June 1991 were in violation of that agreement. He argued that fairness required the deletion of the two points awarded under section 4A1.1(b). No confirmation of such an agreement was produced, however, and the government did not concede that such an agreement existed at the time Simpson was turned over to state authorities.
 
 
 3
 In this appeal, Simpson maintains that the government agreed in March or April 1991 to keep him in federal custody until final disposition of his case in return for his cooperation. The government acknowledges only that a cooperation agreement was reached in early August 1991, at which time the United States Marshall's Service was asked not to release him to other jurisdictions until after his guilty plea in September. We find that the two criminal history points were correctly given under section 4A1.1(b). No direct evidence was introduced in the district court which established the existence of an agreement to protect Simpson from incurring additional criminal history points by being sentenced in another jurisdiction before his federal sentencing in December 1991.[2]
 
 
 4
 Second, Simpson contends that he was incorrectly awarded one criminal history point under section 4A1.1(e) for committing the current offense within two years of his release from a prior sentence which was counted under section 4A1.1(c). This argument has merit. Section 4A1.1(e) applies only when the prior sentence is counted under section 4A1.1(a) or 4A1.1(b). However, a decrease of one criminal history point would leave Simpson with eleven points and would not change his criminal history category. Resentencing is thus not required.
 
 
 5
 We therefore affirm the judgment of the district court. Simpson's motion for leave to file a supplemental brief is denied. We have dispensed with oral argument on the motion of the parties.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 Even if Simpson had avoided being sentenced in state court through an agreement such as he alleges was made, the district court could have considered the pending state sentencing and departed upward under U.S.S.G. § 4A1.3 on the ground that Simpson's criminal history category was inadequate